Sept. 1839.

Lowry and
others
v.
The
Chautauque
County Bank
and others

LOWRY and others *vs.*

THE CHAUTAUQUE COUNTY BANK and others.

A defendant who has once moved unsuccessfully for the dissolution of an Injunction, cannot make a second motion for the same object, upon the same papers, without leave of the court first obtained.

The subject matter of an usurious contract, is a loan or forbearance in pursuance of a corrupt agreement; the question of intent is therefore an element in the commission of usury.

Where there were many litigated and harassing questions at issue between two banks and their respective funds, which were finally settled by a mutual agreement, a part of which provided for a loan from one bank to the funds of the others of the office notes of the other, such loan is not *per se* usurious. The intent of the parties at the time of making the agreement, gives the character to the transaction.

ON the 30th December, 1836, Lowry and Irwin, two of the complainants made a written arrangement with the cashier of the Chautauque County Bank, for the borrowing of $40,000 at various times and upon certain conditions. This arrangement was repudiated by the directors of the bank, early in January thereafter. Lowry and Irwin were connected with the Lumberman's Bank in Pennsylvania. Afterwards, and in January, 1837, the cashier of the Chautauque County Bank went to Warren, Pa., where the Lumberman's Bank does its business and has its office, with a considerable sum in the office notes of that bank, and a protested draft drawn by them with a view of obtaining payment. While there and in the bank, a large portion of these funds were attached by the sheriff of Warren county, at the suit of Lowry and Irwin, against the Chautauque County Bank.

Sept. 1839.

Lowry and others v. The Chautauque County Bank and others.

On the 10th February, 1837, the controversy between the two banks was adjusted by an agreement, by which it was provided that Lowry and Irwin should relinquish their contract made in December previous, for the loan of $ 40,000, as against the Chautauque County Bank, and that this bank should lend Lowry and Irwin $ 20,000, part of the Lumberman's Bank notes attached by the sheriff of Warren county, for which they were to execute four notes of $ 5,000 each, payable at 3, 6, 9, and 12 months. There were other provisions in the agreement, as to future exchanges between the two banks. Lowry and Irwin executed these notes pursuant to the agreement with Hall and others, complainants, as their endorsers. They received the amount of the notes by means of an order on the sheriff of Warren county, in Lumberman's Bank notes, then in the possession of said sheriff.

A portion of those $ 5,000 notes were transferred to the New-York State Bank by the Chautauque County Bank, and a portion were held by the Chautauque County Bank. After they matured, they were prosecuted in the Supreme Court, and this bill was filed to restrain said prosecution, and set aside the notes for usury. Upon coming in of the answer of the defendants, they move to dissolve the injunction allowed upon filing the bill.

*C. Tucker,* for complainants.

*A. Hazeltine,* for Chautauque County Bank.

*Woodruff* and *Hawley,* for N. Y. State Bank.

THE VICE CHANCELLOR. Motion to dissolve the injunction heretofore issued in this cause. The mo-

tion was made both on behalf of the Chautauque County Bank and the New-York State Bank, but the Court refused to hear the motion on behalf of the New-York State Bank, inasmuch as a previous motion to dissolve the injunction had been made by that bank, and denied with costs. This motion was therefore heard and argued on behalf of the Chautauque County Bank alone.

On the former motion made by the New-York State Bank, the answer of the Chautauque County Bank was not heard, and therefore the whole merits of the case did not appear on that motion. Now the answer of the Chautauque County Bank discloses a different state of facts from that presented by the bill. The injunction was doubtless originally allowed upon the averments in the bill, that there was usury in the four notes of $5,000 each, mentioned in the pleadings. From the answer of the Chautauque County Bank, it appears that those four notes were taken in pursuance of an agreement made between the Chautauque County Bank and the Lumberman's Bank, for the amicable adjustment of many vexed questions between those institutions, and the particular funds of each. The complainants, it is true, were not parties to that agreement, *per forma ;* but the provisions contained therein, embrace their relations with both institutions, and the notes are executed in pursuance of such provisions; which leaves the irresistible inference that the complainants were aware of such provisions, and executed the notes in compliance with its terms.

The whole of the controversy between the Chautauque County Bank and the complainants, Lowry and Irwin, must be deemed to have been settled by

<div style="margin">

Sept. 1839.

Lowry and others
v.
The Chautauque County Bank and others.

</div>

CASES IN THE EIGHTH CIRCUIT,

the agreement between the two banks, of 10th Feb. 1837, and the subsequent compliance by the complainants, with its terms. This was a *merger* of all former subjects of dispute, and the court cannot look beyond this, except for the purpose of obtaining a history of the transaction, and learning from such history the legal effect of such previous transactions, and its bearing upon the final adjustment.

The subject matter of a usurious contract, is a loan or forbearance. The usury consists in the taking or reserving more than seven per cent. per annum, upon such loan or for such forbearance, in pursuance of a corrupt agreement so to do. The question of intention is therefore an element in the commission of usury. The circumstances of this case, as presented in the answer of the Chautauque County Bank, would appear to repudiate the idea of an intentional reservation or taking of more than seven per cent. It was the adjustment of a complicated controversy into which there entered none of the considerations which usually accompany a loan. Indeed, the Chautauque County Bank was rather forced than desirous of taking the notes in controversy. Their claims against the Lumberman's Bank were rendered unavailable to them immediately, by the attachment; and to put them in a shape where they might be eventually reached without further litigation, they consented to the arrangement. The Lumberman's Bank and the complainants doubtless had their advantage, also, in the arrangement; and the whole transaction must be considered as a settlement of previous difficulties or subject matters of dispute and litigation, rather than as a loan of money.

Under such circumstances, it is not material to

inquire what was the value of the notes of the Lumberman's Bank at the time of the transaction, though from the answer, it would seem that they were for some time, of equal value, or nearly equal value, with other bank notes.

Under the view of the transaction taken by the court, the injunction as to the Chautauque County Bank, must be dissolved. Costs to abide the event of the suit.